**JAMES K. WARD, ESQ. (SBN 117639)**
**DANIEL P. JAY, ESQ. (SBN 215860)**
EVANS, WIECKOWSKI & WARD, LLP
745 University Avenue
Sacramento, CA 95825
Telephone: (916)923-1600
Facsimile: (916)923-1616
Attorneys for Defendant
TWAIN HARTE COMMUNITY SERVICES DISTRICT
**PUBLIC ENTITY-FILING FEE WAIVED**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE HILTON, ) | **Case No. 1:12-cv-01360-LJO-SMS** |
| ) | |
| Plaintiff, ) | **STIPULATION AND ORDER FOR** |
| ) | **DISMISSAL OF PUNITIVE DAMAGES** |
| vs. ) | **ALLEGATIONS** |
| ) | |
| TWAIN HARTE COMMUNITY ) | |
| SERVICES DISTRICT, and DOES ONE ) | |
| THROUGH TWENTY, Inclusive, ) | |
| ) | |
| Defendants, ) | |
| ) | |

IT IS HEREBY STIPULATED by Plaintiff, YVONNE HILTON, by and through her attorneys, and Defendant, TWAIN HARTE COMMUNITY SERVICES DISTRICT, by and through its attorneys, that Plaintiff shall be allowed to dismiss and strike from the Complaint the following allegations regarding punitive damages:

1. **First Cause of Action**, paragraph 41, page 8, lines 12 through 14: entire paragraph which states, "Plaintiff alleges that punitive damages are available to a plaintiff in a civil action under the FEHA. Plaintiff requests an award of punitive damages as a result of the acts of Defendants as set forth below.

STIPULATION OF THE PARTIES AND ORDER - 1

2. **Second Cause of Action**, paragraph 53, page 10, lines 5 through 7: entire paragraph which states, "Plaintiff alleges that punitive damages are available to a plaintiff in a civil action under Title VII.  Plaintiff requests and award of punitive damages as a result of the acts of Defendants as set forth below."

3. **Third Cause of Action**, paragraph 61, page 11, lines 14 through 16: entire paragraph which states, "Plaintiff alleges that punitive damages are available to a plaintiff in a civil action under the FEHA.  Plaintiff requests an award of punitive damages as a result of the acts of Defendants as set forth below. "

4. **Paragraphs 63 and 64**, page 11, line 22 through page 12, line 16: "CLAIM FOR PUNITIVE DAMAGES ¶ Plaintiff incorporates by reference Paragraphs 1 through 62 inclusive, as though set forth here in full, and as a claim for Punitive damages against all Defendants further alleges: ¶ The acts taken toward Plaintiff were despicable and carried out by managerial employees acting in a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff. Plaintiff therefore requests the assessment of Punitive damages against Defendants, and each of them, in an amount according to proof. Defendants' conduct was malicious in that Defendants, and each of them, intentionally discriminated against Plaintiff with full knowledge that Defendants, and each of them, were violating Plaintiff's rights and that she would suffer actual personal injuries. Defendants' conduct was oppressive because Defendants, and each of them, knew or should have known that Plaintiff was and is entirely dependent on her employment and wages to support herself and her family, and the unfair, discriminatory, and unlawful treatment would create a cruel and unjust hardship for Plaintiff. Defendants' conduct was fraudulent in that it seeks to offer false pretexts for the wrongful and unlawful tortious conduct of Defendants, and each of them. Defendants knew of United States and California law

governing discrimination, harassment, and retaliation for complaining about discrimination and harassment, and then did nothing while Plaintiff endured discrimination from her supervisors and co-workers of Defendant. Defendant Employer finally terminated Plaintiff for a discriminatory and retaliatory purpose. Defendants, and each of them, had actual knowledge of their conduct as well as the outrageous nature of the conduct of Defendant's managerial employees. Further, Defendant authorized its managerial employees' wrongful acts. Defendant Employer's callous disregard for Plaintiff's life, safety, and interests entitles Plaintiff to an award of Punitive and exemplary damages, according to proof at trial."

     5. **Prayer at number 7**, page 13, line 7 which states: "Punitive damages in the sum according to proof."

     IT IS FURTHER STIPULATED by the parties that upon execution of the order filed herewith, the Court will dismiss without prejudice Defendant's Motion to Strike Plaintiff's Complaint (currently scheduled for November 1, 2012 at 8:30 a.m. in Department 4) because it is moot.

     IT IS SO STIPULATED.

Dated: October 1, 2012                              EVANS, WIECKOWSKI & WARD, LLP

                                                    /s/ James K. Ward
                                             _____
                                             JAMES K. WARD
                                             DANIEL JAY
                                             Attorneys for Defendant TWAIN HARTE
                                             COMMUNITY SERVICES DISTRICT


Dated: October __, 2012                          LAW OFFICES OF RAND L. STEPHENS


                                             _____
                                             RAND L. STEPHENS
                                             Attorneys for Plaintiff YVONNE HILTON

Dated: October __, 2012                                    LAW OFFICES OF RICHARD N. KOSS

_____
RICHARD N. KOSS
Attorney for Plaintiff YVONNE HILTON

## [PROPOSED] ORDER

Based upon the stipulation of the parties and good cause appearing, the Court orders that the following allegations are stricken from the Complaint:

1. **First Cause of Action**, paragraph 41, page 8, lines 12 through 14: entire paragraph which states, "Plaintiff alleges that punitive damages are available to a plaintiff in a civil action under the FEHA.  Plaintiff requests an award of punitive damages as a result of the acts of Defendants as set forth below.

2. **Second Cause of Action**, paragraph 53, page 10, lines 5 through 7: entire paragraph which states, "Plaintiff alleges that punitive damages are available to a plaintiff in a civil action under Title VII.  Plaintiff requests and award of punitive damages as a result of the acts of Defendants as set forth below."

3. **Third Cause of Action**, paragraph 61, page 11, lines 14 through 16: entire paragraph which states, "Plaintiff alleges that punitive damages are available to a plaintiff in a civil action under the FEHA.  Plaintiff requests an award of punitive damages as a result of the acts of Defendants as set forth below. "

4. **Paragraphs 63 and 64**, page 11, line 22 through page 12, line 16: "CLAIM FOR PUNITIVE DAMAGES ¶ Plaintiff incorporates by reference Paragraphs 1 through 62 inclusive, as though set forth here in full, and as a claim for Punitive damages against all Defendants further alleges: ¶ The acts taken toward Plaintiff were despicable and carried out by managerial

employees acting in a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff. Plaintiff therefore requests the assessment of Punitive damages against Defendants, and each of them, in an amount according to proof. Defendants' conduct was malicious in that Defendants, and each of them, intentionally discriminated against Plaintiff with full knowledge that Defendants, and each of them, were violating Plaintiff's rights and that she would suffer actual personal injuries. Defendants' conduct was oppressive because Defendants, and each of them, knew or should have known that Plaintiff was and is entirely dependent on her employment and wages to support herself and her family, and the unfair, discriminatory, and unlawful treatment would create a cruel and unjust hardship for Plaintiff. Defendants' conduct was fraudulent in that it seeks to offer false pretexts for the wrongful and unlawful tortious conduct of Defendants, and each of them. Defendants knew of United States and California law governing discrimination, harassment, and retaliation for complaining about discrimination and harassment, and then did nothing while Plaintiff endured discrimination from her supervisors and co-workers of Defendant. Defendant Employer finally terminated Plaintiff for a discriminatory and retaliatory purpose. Defendants, and each of them, had actual knowledge of their conduct as well as the outrageous nature of the conduct of Defendant's managerial employees. Further, Defendant authorized its managerial employees' wrongful acts. Defendant Employer's callous disregard for Plaintiff's life, safety, and interests entitles Plaintiff to an award of Punitive and exemplary damages, according to proof at trial."

  5. **Prayer at number 7**, page 13, line 7 which states: "Punitive damages in the sum according to proof."

It is further ordered that the Defendant's Motion to Strike Plaintiff's Complaint set for November 1, 2012 at 8:30 a.m. in Department 4 is VACATED given that this order renders Defendant's motion moot.

IT IS SO ORDERED.

Dated:  **October 12, 2012**              **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE