1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE HILTON, | Case No. 1:12-CV-01360-SMS |
| Plaintiff, | |
| v. | ORDER VACATING SCHEDULING ORDER. |
| TWAIN HARTE COMMUNITY SERVICES DISTRICT, | |
| Defendant. | (Doc. No. 26) |

Before the Court is the above-styled and numbered cause of action.  On June 27, 2014, the Court held an informal telephonic status conference at which counsel for both parties appeared.  In the interest of the parties' continued meaningful settlement efforts and case preparation, and upon review of relevant law, the Court's case load and calendar, the Court will vacate its scheduling order of December 4, 2013.

## I.     BACKGROUND

On December 4, 2013, the Court issued a scheduling order in this case. (Doc. 26).  On April 3, 2014, the Court issued an order adjusting key dates, extending the dispositive motions deadline (Doc. 28).  Key dates set forth in the order include the deadline to complete expert discovery

1

(August 1, 2014); designation of expert witnesses (June 20, 2014), Pretrial Conference (August 13, 2014, at 9 a.m.), and Jury Trial (September 9, 2014, at 9 a.m. in Courtroom 1before Magistrate Judge Sandra M. Snyder).

On June 4, 2014, the parties appeared before Magistrate Judge Gary S. Austin for a Settlement Conference. The parties were not successful and the case did not settle.

At the telephonic conference held on June 27, 2014 before the undersigned, parties report to the Court that they believe it is in the best interests of the parties to continue all future deadlines to allow time for negotiations to proceed without parties' concurrently pursuing costly discovery.

Also pending before the Court is Defendant Twain Harte Community Service District's Motion for Summary Judgment, filed April 14, 2014 (Doc. No. 29).

## II.  DISCUSSION

Districts Courts must enter Scheduling Orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3). Once entered by the court, a Scheduling Order "controls the course of the action unless the court modifies it." Fed.R.Civ.P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992). As such, a Scheduling Order is "the heart of case management." *Koplove v. Ford Motor Co.,* 795 F.2d 15, 18 (3rd Cir. 1986).

A schedule may be modified only for good cause and with the judge's consent. Fed.R.Civ.P. 16(b)(4). The district court has broad discretion to supervise the pretrial phase of litigation and "its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992) (omission in original) (internal quotation marks omitted)).

2

The Court does not and cannot accommodate schedule changes designed only to preserve the litigants' resources or to allow modifications based upon the convenience of counsel.  Yet, as the parties are aware, this Court is suffering a crisis caused by a lack of judicial resources which is compounded by overwhelming caseloads.  Moreover, the Court imminently expects to issue its order on Defendant's summary judgment motion.  Indeed, it is on this basis – and in light of parties' continued settlement efforts – that the Court concludes there is good cause to vacate the current scheduling order.  This decision does not in any way reflect on the merits of Defendant's pending motion.

Rule 16 "recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed.R.Civ.P. 16(f), and the discretion of the district judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." *In re Arizona,* 528 F.3d 652, 657 (9th Cir. 2009) (citing e.g., Fed.R.Civ.P. 16(c)(2)), *cert. denied,* ⸺ U.S. ⸺, 129 S.Ct. 2852, 174 L.Ed.2d 551 (2009).

Here, the parties are engaged in ongoing settlement negotiations.  Parties have, thus far, demonstrated to the Court their diligence and reasonable good faith efforts to engage in settlement efforts.  However, whether by virtue of circumstance or design, parties' efforts have not yet yielded results.  The court strongly suggests – and urges – the parties to continue efforts to settle the case, including, but not limited to, seeking mediation.

## III.     CONCLUSION AND ORDER

Accordingly, the Court **HEREBY VACATES** its Scheduling Order dated December 4, 2013 (Doc. 26), as well as any other future key dates and deadlines.  The Court will address scheduling matters, as necessary, pursuant to the Court's pending ruling on Defendant's summary judgment motion.

The Court **FURTHER ORDERS** the parties to contact this Court within ten (10) days after the conclusion of any future settlement conference or mediation.

IT IS SO ORDERED.

Dated:   __**June 27, 2014**__                            _____**/s/ Sandra M. Snyder**
                                                                UNITED STATES MAGISTRATE JUDGE